**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5138**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

EDWARD HARDY LIGHT, JR.,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:11-cr-00017-JPB-DJJ-1)

———————

Submitted: August 14, 2012      Decided: November 29, 2012

———————

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William T. Rice, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Hardy Light, Jr., appeals the 262-month sentence imposed following his guilty plea to possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). On appeal, counsel for Light filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no nonfrivolous issues, but asking this court to review the district court's determination that Light had the requisite two prior felony convictions for crimes of violence such that he qualified for sentencing as a career offender. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010). Although advised of his right to do so, Light did not file a pro se supplemental brief. The Government did not file a response.

During our initial Anders review, we discerned three nonfrivolous issues related to the career offender designation including whether, in light of our recent opinion in United States v. Gomez, 690 F.3d 194 (4th Cir. 2012), the district court erred in its application of the modified categorical approach. We directed the parties to submit merits briefs on these points. Light's attorney submitted a comprehensive brief, asking us to vacate the sentence and to remand this case for resentencing. The Government, in its brief, concedes that the district court's use of the modified categorical approach in

2

this case runs afoul of Gomez, but argues that we should nonetheless affirm because the error is harmless. For the reasons that follow, we affirm.

We review de novo whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement. United States v. King, 673 F.3d 274, 278 (4th Cir.), cert. denied, 81 U.S.L.W. 3164 (U.S. Oct. 1, 2012) (No. 11-10786). To determine if a state conviction qualifies as a crime of violence, two interpretive methods — the categorical approach and the modified categorical approach — are "potentially applicable." United States v. Clay, 627 F.3d 959, 966 (4th Cir. 2010). Under the categorical approach, the court may "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). The categorical approach should be utilized unless the "statute broadly criminalizes conduct that could be generally committed in multiple ways, some violent and some not." Clay, 627 F.3d at 966 (internal quotation marks omitted); see Taylor, 495 U.S. at 600-02. As we recently stated, the sentencing court may utilize the modified categorical approach only when the statute of conviction is divisible on the use-of-force element. Gomez, 690 F.3d at 200.

The Government contends that Light's 1989 Virginia conviction for throwing a missile at an occupied vehicle, in

3

violation of Va. Code Ann. § 18.2-154 (2009), qualifies as a categorical crime of violence such that his career offender designation should be affirmed despite the Gomez error. We agree. See USSG § 4B1.2(a)(1) (defining "crime of violence" to include those offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another"); Begay v. United States, 553 U.S. 137, 144–46 (2008) (explaining that a predicate conviction under the residual clause of 18 U.S.C. § 924(e)(2)(B)[*] must reflect the same type of "purposeful, violent, and aggressive conduct" as the specifically enumerated crimes); see also Sykes v. United States, 131 S. Ct. 2267, 2275-76 (2011) (reaffirming that sentencing courts must consider the "[s]erious and substantial risks" of physical injury "inherent" in a crime when determining whether a prior conviction qualifies as a violent felony).

Although Light asserts no other challenge to the reasonableness of his sentence, because this appeal is taken pursuant to Anders, we have reviewed the sentence and conclude

---

[*] We of course "rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the [Armed Career Criminal Act], because the two terms have been defined in a manner that is 'substantively identical.'" King, 673 F.3d at 279 n.3 (quoting United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir. 2010)).

4

that it is otherwise procedurally and substantively reasonable. The sentence is procedurally reasonable inasmuch as the district court properly calculated the applicable Guidelines range and appropriately explained the sentence in the context of the relevant 18 U.S.C. § 3553(a) (2006) factors. See Gall v. United States, 552 U.S. 38, 51 (2007). Further, the within-Guidelines sentence is presumptively substantively reasonable, and we discern no basis to rebut that presumption. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007).

Finally, in fulfilling our duty under Anders, we next review Light's conviction. Because Light has not challenged the validity of his guilty plea in the district court, we review only for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Our review of the record reveals that the district court fully complied with the dictates of Fed. R. Crim. P. 11 and committed no error warranting correction on plain error review.

In accordance with Anders, we have reviewed the entire record in this case and have found no other potentially meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Light, in writing, of the right to petition the Supreme Court of the United States for further review. If Light requests that a

5

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Light.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED